IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LEE SMITH,                                No. 6:12-cv-970-AA
                                                 OPINION AND ORDER
            Plaintiff,

        vs.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

            Defendant.
_____

Kathryn Tassinari
Drew Johnson, P.C.
1700 Valley River Drive, First Floor
Eugene, Oregon 97401
      Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201

PAGE 1 - OPINION AND ORDER

Leisa Wolf
Special Assistant U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Daniel Lee Smith brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application finding him not disabled. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on November 5, 2008, alleging disability as of December 31, 2007. Tr. 131-35. After plaintiff's claim was denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 87-96, 98-106. After a hearing held by the ALJ, on August 24,2010, the ALJ issued a decision denying plaintiff's claim for benefits. Tr. 5-21. The ALJ's decision became the final decision of the agency from which plaintiff seeks judicial review.

## STATEMENT OF THE FACTS

Born in 1954, plaintiff was 56 years old at the time of the hearing, and 53 years old at the time of his alleged onset date.

PAGE 2 - OPINION AND ORDER

Tr. 31. Plaintiff is currently homeless and has lived in a tent in the woods by himself for many years. He is a high school graduate. Tr. 33. Plaintiff had past relevant work experience as an armored car driver and guard, a truck driver, a carpenter helper, and a welder assembler. Tr. 73. Plaintiff alleges disability due to status post myocardial infarction, disorder of the respiratory system, pulmonary emboli, bronchial pneumonia, and probable mental illness.

## ALJ'S FINDINGS

The ALJ found that plaintiff had not performed substantial gainful activity since his alleged onset date, December 31, 2007. Tr. 10. The ALJ found plaintiff had the following severe impairments: status post myocardial infarction, disorder of the respiratory system, pulmonary emboli, and bronchial pneumonia. Id. He found that renal failure and deep vein thrombosis of the right lower extremity were resolved, and therefore caused no work related limitations. Id.

The ALJ found plaintiff retains the ability to perform the full range of medium exertional work. Tr. 11. He found plaintiff capable of performing his past work as an armored car driver and guard, a welder assembler and pallet assembler. Tr. 15.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere

scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude

PAGE 4 - OPINION AND ORDER

substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. <u>Yuckert</u>, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## DISCUSSION

<u>Plaintiff's Allegations of Error</u>

Plaintiff alleges that the ALJ erred by: 1) failing to order a psychological evaluation; (2) failing to develop the record regarding plaintiff's physical condition; (3) improperly rejecting the lay witness's testimony; (4) failing to provide clear and convincing reasons for rejecting his testimony; and (5) finding plaintiff retains the ability to perform his past relevant work.

<u>Failure to Develop the Record</u>

### 1. Psychological Evaluation

The ALJ was aware of evidence in the record that indicated that plaintiff may have a mental illness or suffer from some type of psychological condition. Plaintiff lives alone in a tent in the mountains because he "just can't handle being around people." Tr.

PAGE 5 - OPINION AND ORDER

286.  Plaintiff is secretive about where he lives.  Tr. 32.  There
is significant evidence of plaintiff's limited ability to function
socially.  The lay witness testified that plaintiff is "extremely
uncomfortable" around other people and arranges his visits when he
expects no one else in the waiting room.  Tr. 65-68.  Plaintiff
testified that he isolates himself from other people because he has
a problem with airborne illnesses and is "highly susceptible" to
bronchial pneumonia.  Tr. 49-50.  During the ALJ hearing, the ALJ
brought up the possibility of a psychiatric evaluation with
plaintiff's counsel.  Tr. 70-71.  Plaintiff's counsel responded:
"...I'm not sure he could function with a boss and with co-workers,
regardless of the exertional level.  But, you know, it's a tough
case because he just doesn't have much of a medical file and I'm
not sure what's going on with him, frankly." Id.

The regulations provide that if plaintiff's medical sources
cannot or will not provide sufficient medical evidence about the
impairment, the agency may order a consultative examination.  20
C.F.R. § 404.1517. A psychological examination is needed here.
There is no record addressing plaintiff's psychological condition.
"An ALJ's duty to develop the record further is triggered only when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence." Mayes v. Massanari,
276 F.3d 453, 459-60 (9th Cir. 2001).  That is the case here.  The
record is inadequate to allow for proper evaluation of the
evidence. The ALJ erred in failing to order a consultative
psychiatric evaluation.

PAGE 6 - OPINION AND ORDER

## 2. Plaintiff's Physical Condition

The record contains Dr. Brewster's examination of plaintiff, where he diagnosed a past heart attack with right ventricle dysfunction, and pulmonary embolism.  Tr. 271.  Dr. Brewster, however, did not have the records from plaintiff's hospitalization in 2008 and specifically indicated that those hospital records "should be reviewed."  Id.  There were no tests performed.  When plaintiff's representative brought this to the agency's attention, the agency had a blood test done that was normal.  Tr. 274. There is no indication, however, that Dr. Brewster even reviewed this finding. Id.  The facts here are different from the facts in McLeod v. Astrue, where the ALJ was found to have no duty to request more information from treating sources because he had "substantially all of their medical records throughout the time they treated [plaintiff]" and there "was nothing unclear or ambiguous about what they said."  640 F.3d 881, 884-85 (9th Cir. 2011).  Here, further development of the record is necessary regarding plaintiff's physical condition, including at a minimum, complete review of plaintiff's medical record.

### CONCLUSION

For the reasons set forth above, and pursuant to plaintiff's alternative motion, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings consistent with this opinion.

PAGE 7 - OPINION AND ORDER

IT IS SO ORDERED.

Dated this ____ day of May 2013.


_____
Ann Aiken
United States District Judge